```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
  CHANG-GYU HAHN,                                            :
                                                             :
                                    Plaintiff,               :
                                                             :                25-CV-3816 (VSB)
                        -against-                            :
                                                             :                      ORDER
                                                             :
  SPRINGER NATURE LIMITED, et al.,                           :
                                                             :
                                    Defendants.              :
------------------------------------------------------------ X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

On May 7, 2025, Plaintiff Chang-Gyu Hahn ("Plaintiff") commenced this action by filing a Complaint against Springer Nature Limited, Molecular Psychiatry, and Julio Licinio ("Defendants"). (Doc. 3 ("Complaint" or "Compl.").) The Court now sua sponte DISMISSES the Complaint without prejudice and with leave to replead.

Plaintiff's Complaint states the following: "This Court has jurisdiction over this action because Defendants are conducting business within the State of New York, the actions complained of occurred within the State of New York, the Defendants committed tortious acts within the State of New York, and Defendants have caused and continue to injure Plaintiff in New York and throughout the world." (Compl. ¶ 18.) While these facts are relevant to personal jurisdiction, this does not provide a basis for this Court's subject-matter jurisdiction.

As Plaintiff's Complaint brings solely state-law claims, subject-matter jurisdiction, if it exists here, would be based on diversity of citizenship between the parties. Diversity of citizenship exists where an action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Plaintiff's Complaint fails to allege the citizenship of any of the parties, as it does not state where the individuals are domiciled, nor does it state where the corporations are incorporated and where they maintain their principal place of business. *See Roche Cyrulnik Freedman LLP v. Cyrulnik*, 582 F. Supp. 3d 180, 187 (S.D.N.Y. 2022) ("For an individual,

citizenship depends on the state in which that person is domiciled, meaning that 'place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998))); *Dos Santos v. Assurant, Inc.*, 625 F. Supp. 3d 121, 136 (S.D.N.Y. 2022) ("A corporation is a citizen of its state of incorporation and of its principal place of business [which] 'should normally be the place where the corporation maintains its headquarters.'" (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010))). Plaintiff's Complaint also does not state that the amount-in-controversy exceeds $75,000. For an example of how to properly plead diversity jurisdiction on the facts of this case, I refer Plaintiff to *Hahn v. Springer Nature Limited et al.*, No. 25-CV-520 (JSR) (Doc. 1 ("Notice of Removal") ¶¶ 5–7).

Accordingly, on its face, the Complaint fails to properly plead the existence of diversity jurisdiction. When a complaint fails to plead subject-matter jurisdiction, courts are obligated to dismiss it sua sponte. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see, e.g.*, *Bodhi Bldg. v. Elmsford Chicken, LLC*, No. 21-cv-919, 2021 WL 466009, at *3 (S.D.N.Y. Feb. 9, 2021) (dismissing action for failure to allege citizenship of each member of limited liability company).

Accordingly, Plaintiff's Complaint is DISMISSED without prejudice and with leave to replead. Plaintiff has thirty days to file an Amended Complaint that properly asserts subject-matter jurisdiction. If Plaintiff fails to submit an Amended Complaint within that time frame, the Clerk of the Court is directed to terminate this action.

SO ORDERED.

Dated: May 9, 2025
New York, New York

*Vernon Broderick* (signature)
Vernon S. Broderick
United States District Judge